SHINKLE v. VICKERY et al.

(Circuit Court, D. Indiana. September 27, 1902.)

No. 9,854.

1. RES JUDICATA—MATTERS CONCLUDED—TITLE OF PLAINTIFF TO SUBJECT-MATTER OF SUIT.

A decree dismissing a bill for the redemption of a pledge of stock of which complainant alleged his equitable ownership, through an assignment made by the pledgor, based on a finding that such assignment conveyed to complainant no right, title or interest in the stock, is conclusive between the parties against any claim of title which complainant then held, and he cannot maintain a second suit against the pledgee for the same relief by merely alleging a different source of title.

In Equity.

Maxwell & Ramsey, for complainant.
Thomas K. Skinker, for defendants.

BAKER, District Judge. The subject-matter of the suit is 470 shares of stock of the Hemingray Glass Company, evidenced by a single certificate. The aim of the suit is its recovery, with a proper transfer of legal title. The bill shows the certificate of stock to have been issued to and in the name of the defendant Vickery, its sale by Vickery to Gibson without transfer of legal title, the loan by Vickery to Gibson of $10,000, and the deposit of the stock by Gibson with Vickery as security for the loan, the assignment for value by Gibson of his equitable title to the stock to Shinkle, the tender of the amount of the loan at maturity, and the refusal of Vickery to accept the tender and to deliver up the stock. The bill also asserts that Vickery holds the stock as trustee, and that he is estopped to assert any right to the stock after the payment or tender of the loan. Gibson is made a party defendant apparently to assert his interest, if any, in the stock. Vickery answered, denying every charge of the bill, and further setting up a prior decree in bar. Vickery also filed a cross-bill against Gibson and Shinkle as defendants thereto. The cross-bill was answered. On the hearing complainant's counsel made the point that the prior decree should have been set up by way of plea, and not by way of answer. The court, however, stated, and counsel assented, that it should be treated as though set up by plea. The former suit was by Shinkle as complainant against Vickery and the National Bank of the Republic. The latter was made a defendant simply because in possession of the note of $10,000 and of the certificate of stock. The bill in the former suit alleged that Vickery was the owner and in possession of a certificate for 470 shares of stock of the Hemingray Glass Company; that for a valuable and sufficient consideration he sold and delivered the certificate and stock to Gibson; that Gibson, being the owner and holder of the certificate and stock, executed his note to Vickery for $10,000, and also executed to Vickery an agreement assigning, pledging, and delivering the certificate and stock to Vickery to secure said note, and authorizing the sale of the stock upon default in payment of the note; that at the same time Gibson delivered the cer-

tificate of stock to Vickery, who executed an agreement with Gibson, whereby Vickery agreed to turn over and deliver to Gibson the stock upon payment of the note; that interest on the note was paid in advance, and on its maturity its payment was extended six months; that for a valuable consideration, paid to and received by Gibson, he did assign, transfer, and set over in writing to Albert Engel the certificate of stock held by Vickery as collateral to his note, and that Engel, for a valuable consideration, did assign, transfer, and convey to plaintiff all his right, title, and interest in and to the stock and certificate therefor; that immediate notice of both assignments was given to Vickery. The bill then proceeds as follows:

"And the plaintiff further states that all the right, title, and interest in the said Russell B. Gibson in the said certificate of stock and in the said shares of stock represented by the said certificate of the said Hemingray Glass Company of the said Russell B. Gibson and of the said Engel have been duly assigned and transferred to the plaintiff, and that the plaintiff is now entitled to the said shares of stock and the said certificate of stock, subject only to the rights as aforesaid of said Samuel Vickery, the holder of said promissory note of $10,000."

The bill then states, in substance, that the note and collateral have been sent to the defendant bank, which now has them in its control and possession; that the plaintiff at the proper time duly tendered payment in full of said note, and demanded the surrender and delivery to him of the certificate of stock, which was refused; alleges that at the same time the plaintiff exhibited to the bank assignments from Gibson to Engel and from Engel to the plaintiff; alleges that by oversight Vickery had neglected to transfer the certificate of stock in writing to Gibson, and that such transfer is required by the rules and regulations of the company issuing the certificate of stock; alleges that plaintiff is remediless at law; alleges danger of loss of the certificate of stock by its being transferred; that the plaintiff, as assignee of Gibson, is entitled to the possession of the certificate; and that, unless the same is delivered to the plaintiff, Vickery will transfer it to some other person, to the plaintiff's irreparable injury. The prayer is that the plaintiff may bring into court the $10,000 so tendered for the use of the defendant Vickery; that each of the defendants be enjoined from transferring the certificate of stock, and be ordered to bring said certificate of stock into court, and to deliver up the same to the plaintiff; that the defendants be decreed to make a proper assignment and transfer in writing of the certificate of stock; and for general relief. The defendant Vickery, answering the bill, denied that he delivered the certificate of stock to Gibson; denied that Gibson assigned the certificate of stock to Engel, and averred that, if any such assignment was made, the same was wholly colorable, and without consideration; denied notice of any assignment; denied that Engel assigned to the plaintiff any right, title, or interest in the certificate or stock, and averred that, if any assignment was made by Engel, the same was colorable, and without consideration; denied that any interest in said stock or certificate had been assigned or transferred to the plaintiff, or that the plaintiff is now entitled to the said shares or certificate of stock; denied tender and demand; denied that plaintiff

exhibited any assignments; denied that omission of written transfer was from oversight or neglect; averred that Vickery is solvent, and that Gibson is insolvent. The defendant also set up an answer of counterclaim, which the court regards as immaterial here. The suit was heard on the pleadings and proofs of the parties, whereupon the state court of St. Louis county, Mo., entered the following decree:

"Now at this day come the parties by their respective attorneys, and submit this cause to the court upon the evidence, pleadings, and proof adduced, and the court, having duly considered the same, doth dismiss the plaintiff's bill herein. It is therefore considered and adjudged by the court that plaintiff take nothing by his suit in this behalf, but that defendants go hence without day, and recover of plaintiff their costs and charges herein expended, and have execution therefor."

An appeal was taken from the decree of dismissal to the supreme court of Missouri (55 S. W. 456), where the cause was heard upon the same pleadings and proofs as in the court below. The decree was affirmed, and a petition for rehearing was overruled, and the motion of the plaintiff to have the supreme court modify the decree by adding to the order of dismissal the words "without prejudice" was likewise overruled by the court.

It is unquestionably the general rule that both at law and in equity a judgment or decree is conclusive between the parties on the matters determined. It is also equally well settled that an adjudication is final and conclusive not only as to the matters actually determined, but as to all matters which the parties might have litigated and have had decided as essentially connected with the subject-matter of the litigation, and coming within the legitimate purview of the original action. It is not meant by this that it is conclusive against the plaintiff as to another matter constituting another cause of action which he might, but was not required, to have joined with the claim asserted in his action. The rule does mean, however, that when a suit is brought for a specific purpose,—as, for example, a bill in equity to redeem a pledge, or to enforce the delivery of property held under a claim of trust to which the party has more than one claim of title,—the plaintiff must assert in his bill all his claims of title, and all the grounds upon which he bottoms his right to a decree. He cannot be permitted to file a bill asserting only one of the claims held by him to the property sought to be recovered, and, when defeated, institute another suit or suits counting on other sources of title. He must present his whole case. He will not be permitted to experiment with the court by setting up successively the different titles by which he claims the subject-matter in litigation. He will not be permitted to withhold a part of his right or title, and, if he does, he will be concluded from asserting it in another suit. Failing to assert his entire right or title, the decree is as conclusive as to every right and title which he might and ought to have set up as it is as to the particular right and title actually asserted and relied upon. It is enough to bar the second suit that the same grounds of recovery might have been set up and relied on in the first suit. But the allegations of the bill filed in the prior suit above quoted were broad enough to have admitted evidence of the right

and title set up and relied upon in the present suit. Those allegations were put in issue, and the contract evidencing the title now relied upon was in evidence, and was considered by the trial court and by the supreme court, both of which held that it failed to communicate any right or· title to the complainant. The identical contract now relied upon in the present suit to show title in complainant was in evidence in the former suit, was carefully considered by the supreme court, and it was held that the complainant took no right or title thereby to the certificate of stock. It is true that the contract was introduced in evidence at the former suit by the defendant Vickery, but it was expressly relied upon in the supreme court by the complainant, Shinkle, as showing that the defendant Vickery held the stock in trust, and that he was estopped, as against Shinkle, to assert any claim to the stock except the right to be paid the $10,000 note. Both of these contentions were held to be unfounded on the ground that the contract now relied on to show title to the stock in Shinkle did not convey to him any right, title, or interest in the stock. The complainant's counsel says that, "profiting by his better knowledge of the facts which developed upon the former trial, Shinkle now not only introduces a new party, but seeks a recovery upon entirely new and different causes of action." It is further said: "The bill counts upon the Gibson-Shinkle contract of February 12, 1895, and ignores the Engel title. It alleges that said Gibson has wholly failed to procure from said Vickery the transfer and delivery of said stock, as by the terms of said contract with your orator he was required to do." This allegation simply shows a breach of duty by Gibson, and adds nothing to the cause of action set up in the former bill against Vickery. So far as Vickery is concerned, the above allegation is immaterial, and adds nothing to what was at issue and in evidence in the former suit. The Gibson-Shinkle contract was in evidence in the former suit when it was determined, after mature consideration, that Shinkle took no right to the stock under that contract. Besides, the complainant had no right to rely on his title from Engel, and to withhold his title under the Gibson-Shinkle contract, if it conveyed any to him. It is enough to bar the present suit that the title under this contract might and ought to have been set up and relied on in the former suit. Indeed, the allegations in the former suit were broad enough to admit the Gibson-Shinkle contract, and the same was admitted in evidence and was construed upon the former trial. The construction there given to it, namely, that it conveyed no right, title, or interest in the stock to Shinkle, is binding upon Shinkle in the present suit. It is further said: "Again, it [the present bill] counts upon the equitable title acquired from Gibson, and not upon the mere equity of redemption of a legal title, which, in equity, is a legal title. It alleges that when Vickery sold the stock to Gibson he retained the possession and legal title, thereby making himself a trustee of the shares; and that when Gibson afterwards borrowed money from his trustee he pledged his equitable title. The bill seeks the execution of that trust." The bill, as well as the evidence in the former suit, showed the title of the stock to be in precisely the situation in which it is shown to be in the present suit.

It showed that Vickery had the possession, that he had never made any assignment, and that an assignment was necessary to complete the legal title after redemption. Thus every fact creating the trust, if any there was, was in issue in the former suit, both in the pleadings and proofs, and so Shinkle's counsel understood it, because he argued and relied on this trust relation in the supreme court. It is further said: "Again, it [the present bill] counts upon an estoppel against Vickery growing out of his written acknowledgment of July 24, 1894, and alleges that Shinkle relied and acted upon that writing to his prejudice." But the contract now claimed to work an estoppel was in issue and in evidence in the former suit, and was relied upon by Shinkle as an estoppel. The defendant ought not to be vexed anew with that question, which has once been solemnly determined adversely to the complainant. It is further said: "Lastly, the bill alleges that the stock is not purchasable in the market, and is without market value, and that damages would not afford compensation, by reason of which complainant has no adequate remedy at law." The bill in the former suit exhibited a cause of equitable cognizance and averred a want of remedy at law. The above allegation, while new, really adds nothing material to what appeared in the bill in the former suit. Besides, the former bill was not dismissed by the supreme court on the ground that the suit was not of equitable cognizance.

The decree in the former suit, in my judgment, discloses a trial on the merits, and the dismissal of the bill constitutes a bar to the prosecution of the present bill by the complainant against Vickery. The bill will be dismissed as to Vickery for want of equity. The bill as against Gibson will be dismissed without prejudice. The cross-bill of Vickery against Shinkle and Gibson will be dismissed without prejudice. A decree may be prepared in accordance with the foregoing opinion.