THE SAN RAFAEL et al.

(District Court, N. D. California. June 18, 1906.)

No. 13,580.

JUDGMENTS—MATTERS CONCLUDED—PROCEEDING IN ADMIRALTY FOR LIMITATION OF LIABILITY.

A decree dismissing a proceeding for limitation of liability for damages for a collision after hearing, on the ground that petitioner was the owner of both vessels concerned in the collision and both of which were in fault, and had surrendered but one, is one on the merits, and is a bar to a second proceeding for limitation of the same liability in which both vessels are surrendered as between petitioner and damage claimants, who were parties to and contested the first.

In Admiralty. Proceeding for limitation of liability.

Van Ness and Denman, for petitioner.
H. V. Morehouse, for claimants.

DE HAVEN, District Judge. This is a proceeding for limitation of liability for the damages resulting from a collision between the steamers San Rafael and Sausalito in the Bay of San Francisco, on the night of November 30, 1901. The petition alleges that the petitioner was the owner of both steamers; that the collision was without the privity, knowledge, or consent of the petitioner, or any of its officers or directors, and was the result of fault or error of judgment on the part of the master of the steamer San Rafael in believing that the fog signal of the steamer Sausalito indicated that that steamer was approaching from a point off the starboard bow of the San Rafael, when, in fact, she was approaching from the port bow of the San Rafael. The petition further alleges that:

"Petitioner is now ready and able and willing, and hereby offers, to give and file herein its stipulation and undertaking, with sufficient sureties,. for the payment into court by your petitioner, as required by law and the orders of

this court in the premises. of the full sum and value of the said steamship San Rafael and her freight then pending, and all other said property required to be surrendered by said statute and said rules. as a condition whereon petitioner's liability for any and all loss or damage caused or resulting from said collision shall be limited as by said laws and statutes it is provided that it may be."

The petitioner then sets forth that J. S. McCue and Patrick Cassidy, as guardian ad litem for the widow and minor children of one Alexander Hall, have recovered judgments in this court against petitioner for damages resulting from such collision. The prayer of the petition is that the court cause due appraisement to be made of the value of the interest of the petitioner in the San Rafael and her freight pending—

"And of all property then owned by your petitioner that should be lawfully so appraised, and that a stipulation or undertaking, with proper sureties thereto, may be thereupon given by your petitioner and filed herein, conditioned for the payment into court of the full sum of such appraised value, with lawful interest thereon, whenever the same shall be ordered by this court, and that on filing such stipulation or undertaking herein that a monition issue to said J. S. McCue and to said Patrick Cassidy. guardian ad litem as aforesaid, citing them and each of them to appear before this court at a time therein stated * * * to then and there show cause, if any such they have, why the prayer of your petitioner should not be granted, and to there present their several claims for the consideration of this court; * * * and that in the meantime, and until final judgment herein, that said McCue and said guardian ad litem be * * * restrained from proceeding by execution on their said several judgments."

J. S. McCue and Patrick Cassidy, as guardian ad litem, appeared without service of process and filed an answer to the petition, in which they pleaded in bar of the proceeding a decree of this court, dated April 17, 1906, dismissing a former petition by the present petitioner, for limitation of its liability for the damages occasioned by the collision above referred to between the steamers San Rafael and Sausalito.

It appears from the record that in the former proceeding there was no mention in the petition of the fact that petitioner was also the owner of the steamer Sausalito, and the stipulation given therein was only for the appraised value of the San Rafael, and for her freight pending. McCue and Cassidy, as guardian ad litem, appeared in that proceeding, and in answer to the petition filed therein alleged that the collision between the San Rafael and Sausalito was the result of the negligence of the officers and crew of both steamers, and prayed for an order that the Sausalito be brought into the proceeding, "and duly appraised and turned over to a trustee and sold, and that the proceeds thereof, together with the freight pending," be a fund out of which to satisfy their respective claims. The judgment dismissing the former proceeding was entered after a hearing upon the merits, and was given in obedience to a mandate from the Circuit Court of Appeals; that court holding that upon the facts the petitioner was not entitled to limit its liability for the damages resulting from the collision because it had not surrendered the Sausalito. The San Rafael, 141 Fed. 270, 72 C. C. A. 388.

In the present action the petitioner seeks to avoid the objection which was held fatal to its right to limit liability in the former proceeding, and now offers to give a stipulation for the appraised value of the

San Rafael and her freight pending at the time of the collision, and all other property then owned by it, and required by law to be surrendered, as a condition whereon its liability for damages may be limited. This broader offer constitutes the only substantial difference between the present petition and that filed in the proceeding which was dismissed.

The conclusion which I have reached upon consideration of the foregoing facts may be briefly stated as follows: The court had jurisdiction of the former proceeding instituted by the petitioner for the limitation of its liability on account of the collision referred to in the petition now before the court, and I am also of the opinion that the final judgment in that proceeding rendered after a full hearing, although in form one for the dismissal of the petition therein, is to be regarded as a judgment upon the merits, as the decree did not provide that the dismissal should be without prejudice. Treating this judgment as one upon the merits, did it finally determine as between the parties thereto that the petitioner is not·entitled to limit its liability for the loss and damage resulting from the collision referred to in the present petition? The rule in reference to the conclusive effect of judgments is well stated in Shinkle v. Vickery (C. C.) 117 Fed. 916. It is there said:

"It is unquestionably the general rule that both at law and in equity a judgment or decree is conclusive between the parties on the matters determined. It is also equally well settled that an adjudication is final and conclusive, not only as to the matters actually determined, but as to all matters which the parties might have litigated and have had decided as essentially connected with the subject-matter of the litigation, and coming within the legitimate purview of the original action. It is not meant by this that it is conclusive against the plaintiff as to another matter constituting another cause of action which he might, but was not required, to have joined with the claim asserted in his action. The rule does mean, however, that when a suit is brought for a specific purpose—as, for example, a bill in equity to redeem a pledge, or to enforce the delivery of property held under a claim of trust to which the party has more than one claim of title—the plaintiff must assert in his bill all his claims of title, and all the grounds upon which he bottoms his right to a decree. He cannot be permitted to file a bill asserting only one of the claims held by him to the property sought to be recovered, and, when defeated, institute another suit or suits counting on other sources of title. He must present his whole case. He will not be permitted to experiment with the court by setting up successively the different titles by which he claims the subject-matter in litigation. He will not be permitted to withhold a part of his right or title, and, if he does, he will be concluded from asserting it in another suit. Failing to assert his entire right or title, the decree is as conclusive as to every right and title which he might and ought to have asserted and relied upon. It is enough to bar the second suit that the same grounds of recovery might have been set up and relied on in the first suit."

This reasoning is quite applicable to this case. The right of the petitioner to a limitation of its liability was contested in the former proceeding and decided adversely to the petitioner, and it cannot be permitted to litigate the same general question with the parties who appeared therein by filing a new petition alleging that it is now willing to surrender other property for the·purpose of availing itself of the benefits of the statute giving to owners of vessels the right to limit their liability. The judgment of the Circuit Court of Appeals directing this court to dismiss the former petition was intended as a final determination as between the parties thereto of petitioner's right

. to limit its liability for damages arising from the collision referred to; otherwise the petitioner would have been permitted by that court to amend its petition and make surrender of the property now tendered, or the direction would have been to dismiss such proceeding without prejudice to the right of the petitioner to commence a new action for the limitation of its liability.

An order will be made directing that an appraisement be made of the steamers San Rafael and Sausalito and their freight pending, and that upon giving a stipulation for such value an injunction as prayed for issue against all persons, except J. S. McCue and Patrick Cassidy, as guardian ad litem of Catherine Hall et al.; and that as to J. S. McCue and Patrick Cassidy, as guardian ad litem of Catherine Hall et · al., the petition be dismissed.

---

## THE RYGJA.

### (District Court, S. D. New York.   December 26, 1906.)

1. SHIPPING—TIME CHARTER PARTY—CONSTRUCTION.
    The effect of using the word "about" in stating the term of a time char- · ter is to allow an underlap or surrender of the vessel a brief time before the expiration of the time mentioned, while with respect to an overlap it merely embodies in the contract the rule which permits the charterer to retain the vessel until the completion of such reasonable voyage as she is on when the charter term expires.

2. SAME—OVERLAP.
    The rule that the term of a time charter does not expire until the completion of the voyage the vessel is on when the time stated ends is one of commercial necessity, and should not be extended beyond its requirements.

3. SAME—EXPIRATION OF TERM—USE OF WORD "ABOUT."
    Where a time charter was for "about" six months, with privilege of renewal by the charterer by giving notice for a further period of about six months more, upon such renewal it became a charter for "about" one year from the beginning, and the owner was entitled to a redelivery of the vessel on completion of the voyage she was on at the expiration of one year. The charterer cannot extend the term by claiming such overlap at the end of both six-month periods.

In Admiralty.   Action for breach of charter party.

Wheeler, Cortis & Haight and Mr. Bullowa, for libelant.

Convers & Kirlin and Mr. Woolsey, for claimant and respondent.